IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Efrain Marquez-Vazquez, | No. CV-26-03202-PHX-RM (JFM) |
| Petitioner, | **ORDER** |
| v. | |
| Markwayne Mullin, et al., | |
| Respondents. | |

Petitioner Efrain Marquez-Vazquez challenges his present immigration detention under 28 U.S.C. § 2241.  (Doc. 1.)

## I.    Background

Petitioner is a native and citizen of Mexico who entered the United States without inspection in 2001, at the age of fifteen.  (Doc. 1 at 4; Doc. 7-1 at 1.)  Petitioner was taken into the custody of Immigration and Customs Enforcement ("ICE") on September 5, 2014, and was thereafter released on bond.  (Doc. 1 at 5; Doc. 7-1 at 2.)  Petitioner avers that he complied with all conditions of release, and Respondents do not contend otherwise.  (Doc. 1 at 5.)  On June 8, 2022, an immigration judge dismissed Petitioner's prior removal proceedings, and Petitioner's bond was thereafter canceled.  (*Id.*; Doc. 7-1 at 2.)

On November 10, 2025, local law enforcement stopped Petitioner for an alleged traffic violation, and Immigration and Customs Enforcement ("ICE") took Petitioner into custody.  (Doc. 1 at 5; Doc. 7-1 at 2.)  Petitioner has been detained since that date.  (Doc. 1 at 7.)  On November 18, 2025, Petitioner was served with a Notice to Appear charging

him with being subject to removal as an alien present in the United States without having been admitted or paroled and as an immigrant not in possession of valid entry documents. (Doc. 1 at 6; Doc. 1-1 at 17-20; Doc. 7-1 at 2.) On January 13, 2026, an immigration judge denied bond for lack of jurisdiction. (Doc. 1 at 6; Doc. 1-1 at 23; Doc. 7-1 at 3.) On February 26, 2026, an immigration judge ordered Petitioner removed to Mexico. (Doc. 1 at 6; Doc. 1-1 at 26; Doc. 7-1 at 3.) Petitioner attempted to appeal that decision, but the appeal was summarily dismissed on April 22, 2026, as untimely. (Doc. 1 at 6; Doc. 1-1 at 31-32; Doc. 7-1 at 3.) Petitioner has filed a Petition for Review with the Ninth Circuit Court of Appeals, challenging the final order of removal, along with a motion for stay of removal; the Ninth Circuit appeal remains pending. (Doc. 1 at 7.)

## II.    Discussion

Petitioner alleges that the Department of Homeland Security re-detained him without notice, a warrant, or any finding that re-detention was warranted by criminal activity or a violation of his release conditions. (Doc. 1 at 12–13.) Petitioner raises two claims for relief: (1) violation of his Fifth Amendment substantive due process rights and (2) violation of his Fifth Amendment procedural due process rights. (*Id.* 11–13.) Petitioner seeks release from custody. (*Id.* at 13.)

Respondents argue that Petitioner's bond was properly revoked in 2022, and he had no due process right to a pre-detention hearing prior to his re-arrest in 2025. (Doc. 7 at 2-6.) Respondents further argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225, and that he therefore has no right to a bond hearing. (*Id.* at 6-11.)

### A. Detention Under 8 U.S.C. § 1225

Respondents' Response raises the issue of whether 8 U.S.C. § 1226(a), which contemplates a bond hearing, or 8 U.S.C. § 1225(b), which mandates detention, applies when United States Immigration and Customs Enforcement ("ICE") apprehends an alien who entered the United States without inspection, never formally applied for admission, and has been living in the United States for years or decades.

Another judge in this district has determined § 1226(a) applies in this circumstance.

- 2 -

*Echevarria v. Bondi*, CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282 (D. Ariz. 2025). Furthermore, the Second Circuit Court of Appeals recently concluded in *Cunha v. Freden*, ___ F. 4th ___, 2026 WL 1146044 (2d Cir. Apr. 28, 2026), that § 1226(a) applies in this circumstance, and, on December 11, 2025, the Seventh Circuit concluded the Department of Homeland Security and ICE were "not likely to succeed on the merits of their argument" regarding "mandatory detention under § 1225(b)(2)(A)." *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). For the reasons set froth in *Echevarria* and *Cunha*, the Court finds that Petitioner's detention is governed by § 1226 rather than § 1225.[1]

Further, a district court in the Central District of California recently certified a class that Respondents concede (Doc. 7 at 11) appears to include Petitioner. *Bautista v. Santacruz*, CV-25-01873-SSS-BFM, 2025 WL 3288403, at *1 (C.D. Cal. Nov. 25, 2025). On December 18, 2025, the *Bautista* court entered judgment under Rule 54(b), declaring "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and vacating "the Department of Homeland Security policy described in the July 8, 2025, 'Interim Guidance Regarding Detention Authority for Applicants for Admission' under the Administrative Procedure Act as not in accordance with law. 5 U.S.C. § 706(2)(A)." *Bautista v. Santacruz*, CV-25-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025). Most recently, the court in *Bautista* granted the class members' motion to enforce judgment and vacated the Board of Immigration Appeals' ruling in *In re Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), as contrary to law under the Administrative Procedure Act. *Bautista v. Santacruz*, ___ F. Supp. 3d ___, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026).[2] Pursuant to those rulings, Petitioner is entitled to relief.

---

[1] The Court is aware of the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), and the Eighth Circuit's decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), which adopted the minority position regarding whether unadmitted applicants for admission apprehended within the United States are subject to mandatory detention under § 1225. But those decisions do not persuade the Court that its interpretation is incorrect, nor do they undermine the conclusion reached in *Bautista*, which has not been disturbed on appeal.

[2] The Ninth Circuit Court of Appeals has stayed these orders pending appeal of the district court's class certification order and final judgment. *See Bautista v. U.S. Dep't of Homeland Sec.*, No. 25-7958 (9th Cir. Mar. 31, 2026). The stay did not alter the impact of the

**B. Due Process**

Respondents do not dispute that Petitioner was released on bond in 2014 after immigration authorities necessarily determined that he was not a flight risk or a danger to the community.  (Doc. 1 at 5; Doc. 7 at 2.)  Respondents submit a deportation officer's declaration averring that Petitioner's prior removal proceedings were dismissed and his bond accordingly canceled.  (Doc. 7-1 at 2.)  But Respondents do not contend that Petitioner violated any conditions of his release or that any changed circumstances affect the prior finding that Petitioner is not a flight risk or a danger to the community.

Many district courts have held that individuals like Petitioner who were released from immigration detention are entitled to a pre-deprivation hearing prior to any re-arrest or re-detention as a matter of due process.  *See*, *e.g.*, *Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021 (N.D. Cal. 2025) (holding that petitioner released on bond had protected liberty interest in continued release); *Tinoco v. Noem*, 818 F. Supp. 3d 1141 (E.D. Cal. Dec. 14, 2025) (granting petitioner's temporary restraining order for immediate release from custody where petitioner was released on an order of release on recognizance and later re-detained without a bond hearing); *Rico-Tapia v. Smith*, 806 F. Supp. 3d 1166, 1182-84 (D. Haw. 2025) (same); *Aguirre Solis v. Noem*, 2:26-cv-00053-RFB-EJY, 2026 WL 396432, at *2, *5-8 (D. Nev. Feb. 12, 2026) (concluding petitioner's re-detention after release on recognizance without a hearing and opportunity for release was unlawful under the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment and ordering his immediate release from detention).

The three-pronged test articulated in *Mathews v. Eldridge* explains "[t]he fundamental requirement of [procedural] due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"  424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).  To determine whether procedural protections satisfy the Due Process Clause, courts consider three factors: (1) "the private

---

declaratory judgment within the Central District of California, nor does it affect the Court's independent determination that Petitioner is entitled to relief in the form of release or a bond hearing.

interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.* at 335.

As to the first factor, being free from physical detention is "the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529-30 (2004) (directing courts, when assessing the first *Mathews* factor, to consider only the petitioner's interests at stake in ongoing detention without consideration of the respondents' justifications for the detention). An individual's interest in being free from detention "lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause.")); *see also Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017) ("the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process"). The first *Mathews* factor favors Petitioner.

As to the second factor, "the risk of an erroneous deprivation [of liberty] is high" where, as here, "[the Petitioner] has not received any bond or custody redetermination hearing." *Dushyant v. Albarran*, No. 1:26-cv-00502-JLT-SKO (HC), 2026 WL 682887, at *4 (E.D. Cal. Mar. 11, 2026), *report & recommendation adopted in relevant part*, 2026 WL 785831 (E.D. Cal. Mar. 20, 2026) (ordering immediate release). "Civil immigration detention, which is 'nonpunitive in purpose and effect[,]' is justified when a noncitizen presents a risk of flight or danger to the community." *Id.* (citing *Zadvydas*, 533 U.S. at 690; *Padilla v. ICE*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023)). Based on the record in this case, immigration authorities determined in 2014 that Petitioner is not a flight risk or a danger to the community, and no neutral arbiter has determined otherwise in the time since. "Given the absence of any procedural safeguards to determine if [Petitioner's] detention was justified, 'the probable value of additional procedural safeguards, i.e., a bond

hearing, is high.'" *Id.* (citation omitted).  The Court concludes there is a risk of erroneous deprivation if no facts are provided to justify the re-detention of individuals without a neutral decisionmaker first evaluating whether re-detention is warranted.  The second *Mathews* factor weighs in favor of Petitioner.

Finally, as to the third *Mathews* factor, "[i]f the government wishes to re-arrest [a petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019).  Further, detention hearings in immigration courts are commonplace and impose minimal cost.  *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. Mar. 3, 2025).  And Respondents' interest here is even lower because Petitioner was previously released on bond after immigration authorities necessarily determined he was not a flight risk or a danger to the community.  *See Pinchi v. Noem*, No. 25-cv-05632-RMI (RFL), 2025 WL 1853763, at *2 (N.D. Cal. July 4, 2025); *see also Singh v. Andrews*, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. July 11, 2025) ("On balance, the *Mathews* factors show that petitioner is entitled to process, and that process should have been provided before petitioner was detained."); *Telenchana v. Hermosillo*, 2:26-cv-00363-GJL, 2026 WL 696806, at *7-9 (W.D. Wash. Mar. 12, 2026) (concluding that re-detention of petitioners who had been released on their own recognizance violated due process under the *Mathews* framework because petitioners had "established liberty interests," "the absence of pre-deprivation procedures in their re-detentions created an unacceptably high risk of erroneous deprivations," and "the governmental interest in their re-detention without adequate process [was] minimal or non-existent").

The Court finds that the *Mathews* factors weigh in favor of determining Petitioner was entitled to a hearing before he was re-detained.  The Court finds that immediate release, rather than requiring a bond hearing, is the appropriate remedy.  *See Ruiz v. Noem*, No. 3:25-CV-03536-RBM-BJW, 2025 WL 3719888, at *2 (S.D. Cal. Dec. 23, 2025) ("[G]iven Respondents' 'weighty' interest in the 'efficient administration of the immigration laws,' *Landon v. Plasencia*, 459 U.S. 21, 34 (1982), it does not make sense to require Respondents

to set a new bond hearing before a potentially new immigration judge just to duplicate the same efforts taken at the [previous] hearing."); *Ramirez Tesara v. Wamsley*, No. C25-1723-KKE-TLF, 2025 WL 3288295, at *6 (W.D. Wash. Nov. 25, 2025) (directing immigration detainee's immediate release after he was re-detained following his parole's expiration); *see also Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful] detention is, of course, release").[3]

**IT IS ORDERED**:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

2. Respondents must **immediately** release Petitioner from custody under the same conditions that existed before his re-detention.

3. Respondents must file a notice of compliance within **two (2) business days** of Petitioner's release.

4. Any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 3rd day of June, 2026.

_____
Honorable Rosemary Márquez
United States District Judge

---

[3] Respondents do not raise any argument concerning the entry fiction doctrine, and the Court considers any such argument waived. *See Kimble*, 107 F.3d at 715 n.2. In addition, the Court finds persuasive the reasoning of *D.V.D. v. United States Department of Homeland Security*, No. CV 25-10676-BEM, 2026 WL 521557, at *28–31 (D. Mass. Feb. 25, 2026), regarding the limited application of the entry fiction doctrine to the procedural rights of noncitizens regarding admission, rather than to due process challenges to detention.